UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL PENDERGRASS,

                    Plaintiff,

v.

T. SANNEY, Correctional Officer, et al.,

                    Defendants.

**REPORT and
RECOMMENDATION**

03-CV-243(A)(M)

       This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. ##14, 44). Before me is plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. ("Rule") 55 (Dkt. #58). For the following reasons, I recommend that plaintiff's motion be DENIED.

## BACKGROUND

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS"). He alleges that: (1) defendants Sanney, Emminger, and Robinson violated his constitutional rights by assaulting him on July 7, 2001 at the Attica Correctional Facility; (2) defendant Nicosia deprived him of adequate medical care following the assault; (3) defendant Kennedy violated his due process rights during a disciplinary hearing arising from the assault; and (4) defendants Connolly, Buckley, and Baker conspired to coverup the assault (Complaint filed March 3, 2003).

       By Report, Recommendation, and Order dated August 22, 2007, I granted the motion of defendants Nicosia, Emminger, Kennedy, Robinson, and Sanney for summary

judgment in part, dismissing all of plaintiff's claims against these defendants with the exception of plaintiff's excessive force claim (Dkt. #62). After objections, my Report, Recommendation and Order was adopted by Judge Arcara (Dkt. #68).

In preparing my Report, Recommendation, and Order I located plaintiff's motion for default judgment dated September 25, 2005, which appears to have inadvertently not been filed.[1] Consequently, I docketed the motion (Dkt. #58), and it has now been fully briefed.

## DISCUSSION AND ANALYSIS

Plaintiff's motion does not indicate that he is moving for a default judgment against a particular defendant. Therefore, I have treated his motion as seeking a default judgment against all defendants.

### A.   Defendants Emminger, Kennedy, Nicosia, Robinson, and Sanney

Contrary to plaintiff's motion, the record demonstrates that defendants Emminger, Kennedy, Nicosia, Robinson, and Sanney timely answered (Dkt. ##26-30). Consequently, I recommend that plaintiff's motion for a default judgment is denied as to these defendants.

### B.   Defendants Connolly, Buckley, and Baker

It is undisputed that defendants Connolly, Buckley, and Baker, have never answered the complaint. However, as defendants argue, there is no indication that these

---

[1]   At or about the time the plaintiff moved for default, he may not have been in receipt of defendants Emminger, Kennedy, Nicosia, Robinson, and Sanney's Answers (Dkt. ##26-30) which were filed on September 9, 2005, only two weeks prior to his September 25, 2005 motion.

defendants were ever served with the complaint (Dkt. #63, ¶6).  Likewise, plaintiff failed to move for an entry of default before moving for a default judgment, as required by Rule 55(a) and Local Rule 55(b).

"Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court. . . .  In any event,  . . .  plaintiff is not entitled to default judgment because [he] has failed to prove that defendant[s] [were] ever served with process in accordance with Fed. R. Civ. P. 4(e)."  Fairman v. Hurley, 373 F. Supp. 2d 227, 231 (W.D.N.Y. 2005) (Larimer, J.). Therefore, I recommend that plaintiff's motion for a default judgment against these defendants be denied.

Nevertheless, plaintiff was granted *in forma pauperis* status (Dkt. #8).  Therefore, the responsibility for effecting service of the summons and complaint shifted from plaintiff to the court.  See 28 U.S.C. §1915(d); Wright v. Lewis, 76 F. 3d 57, 59 (2d Cir. 1996).  Because it appears that defendants Connolly, Buckley and Baker have never been served in this case, by separate order, I will direct the Marshals Service to serve these defendants.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion (Dkt. #58) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and

Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.


**SO ORDERED.**


DATED:        February 13, 2008


_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge